UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ORLANDO BROWN** | **CIVIL ACTION NO. 5:13-cv-2993** |
|     **LA. DOC #419966** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN ANTONIO JOHNSON** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Orlando Brown, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on November 1, 2013. Petitioner attacks his 2010 adjudication as a second felony offender and the 15 year hard labor sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On July 26, 2010, petitioner pled guilty to a charge of possession with intent to distribute marijuana. On September 27, 2010, he was sentenced to serve 10 years at hard labor. The State then filed a bill of information charging him as a fourth offender. [Doc. 5-1, p. 9] On February 2, 2011, pursuant to a plea agreement, petitioner admitted his status as a second offender and he was adjudicated accordingly; the 10 year sentence was vacated and he was then sentenced to the agreed upon sentence of 15 years at hard labor. [Doc. 1, p. 2; Doc. 1-2, pp. 1-6 (transcript); Doc.

5, ¶ 1-6] Petitioner did not appeal.[1]

On July 20, 2012, he filed a *pro se* application for post-conviction relief in the First Judicial District Court raising claims of ineffective assistance of counsel, defective bill of information, and involuntary plea. On September 28, 2012, his application was denied by the trial court. [Doc. 1-2, p. 7] He filed an application for writs in the Second Circuit Court of Appeal on January 18, 2013. It was assigned Docket Number 48,209-KH and denied on March 14, 2013. *State of Louisiana v. Orlando Brown*, No. 48,209-KH. [Doc. 1-2, p. 8] His subsequent application for writs was denied by the Louisiana Supreme Court on September 20, 2013. *State of Louisiana ex rel. Orlando Brown v. State of Louisiana*, 2013-0790 (La. 9/20/2013), 123 So.3d 168. [Doc. 1-2, p. 9][2]

---

[1] The petitioner, of course, waived his right to appeal by pleading guilty and thereafter admitting his status as a second felony offender. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Further, La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown by the transcript petitioner was sentenced in accordance with a plea agreement which is set forth in the record. See Doc. 1-2, pp. 1-6, "We have an agreed sentence, your Honor. He will be admitting he is a second felony offender on the multi-bill, agreed sentence of 15 years hard labor that would upset and amend the previous sentence imposed by the Court."

[2] In denying relief, both the Court of Appeals and the Supreme Court cited La. C.Cr.P. art. 930.3; *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172; *State v. Cotton*, 09–2397 (La.10/15/10), 45 So.3d 1030; and *State v. Thomas*, 08–2912, (La.10/16/09), 19 So.3d 466. Art. 930.3 sets forth the exclusive grounds for post-conviction relief under Louisiana law and makes no provision for contesting sentencing error; in *Melinie*, the Louisiana Supreme Court held, "La.Code Crim.Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction." In *Cotton*, the Court reasoned, "An habitual offender adjudication ... constitutes sentencing for purposes of *Melinie* and La.C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings..." Likewise, in *Thomas*, the Court reasoned, "...relator's claims that the court

His original petition for *habeas corpus* was dated and mailed on October 31, 2013 [Doc. 1, p. 14] and received and filed on November 1, 2013. Petitioner argues claims similar to those raised in his post-conviction application.

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the

---

imposed an excessive sentence and that he received ineffective assistance of counsel at sentencing are not cognizable on collateral review pursuant to La.C.Cr.P. art. 930.3..." In other words, the Louisiana Courts, applying Louisiana law, refused to reach the merits of petitioner's sentencing claims since they were raised in an application for post-conviction relief.

[3] Nothing in the record suggests that any State created impediments prevented the filing of the petition; nothing suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; and, nothing suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following February 2, 2011 (the date that petitioner admitted his status as a second offender and was adjudicated and sentenced in accordance with the plea agreement)[4], or on or about March 4, 2011. Petitioner had one year from that date, or until March 4, 2012, to file his federal *habeas* petition. Petitioner cannot rely upon the tolling provision of Section 2244(d)(2) because he did not file his application for post-conviction relief in the District Court until July 20, 2012, and by that time the limitations period had already expired and could not be revived, since, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467.

Thus, it is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

### 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526

---

[4] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    In Chambers, Monroe, Louisiana , December 19, 2013.

                                                  KAREN L. HAYES
                                                U. S. MAGISTRATE JUDGE